# STATE OF NORTH DAKOTA EX REL. GILBERT SWANSON, Petitioner, v. JOHN LEE, as Warden of the State Penitentiary, Respondent.

(206 N. W. 417.)

**Habeas corpus — information for escape from prison held sufficient against attack in habeas corpus proceedings.**

For reasons stated in the opinion, it is held that the petitioner is not unlawfully restrained of his liberty, and is not entitled to a writ of habeas corpus.

Opinion filed November 30, 1925.

Habeas Corpus, 29 C. J. § 46 p. 51 n. 24.

Original application for a writ of habeas corpus by Gilbert Swanson, the prisoner in the state penitentiary. Application denied.

Appeal from the District Court of Burleigh County, *Jansonius, J.* Writ denied.

*F. O. Hellstrom,* for petitioner.

*Geo. F. Shafer,* Attorney General, and *John Thorpe,* Assistant Attorney General, for respondent.

PER CURIAM. This is an application for a writ of habeas corpus. The petitioner is confined in the state penitentiary, and the respondent is the warden thereof. The district court of Burleigh county denied the application.

The record shows that on April 18, 1925, an information was filed in the district court of Grand Forks county, against the petitioner, charging him with a felony, to wit, escaping from prison while lawfully imprisoned upon the charge of forgery, which last-named offense, under our statutes, is a felony. The information is sufficient, as against attack in habeas corpus proceedings. Under § 9351, Comp. Laws 1913, every person who, being confined in a prison or in the lawful custody of an officer "by force or fraud, escapes from such prison" is guilty of felony, if the custody is upon a charge, arrest, commitment or conviction for a felony. On April 18, 1925, it appears from the criminal docket, that the petitioner pleaded guilty to the charge in

the information and was sentenced to imprisonment for a period of two years in the state penitentiary. The clerk of the district court inadvertently omitted to indorse on the information, until August 27, 1925, that on the day above mentioned, the petitioner was arraigned, pleaded guilty to the offense charged, and received a sentence of two years. Accompanying the record, which is made a part of the application, is a statement by the state's attorney of Grand Forks county, in which it is said that this petitioner with three others, escaped from the Grand Forks county jail on August 7, 1923. The information alleges that the escape was effected by "breaking, cutting and removing a quantity of bricks from a part of the wall of said county jail." The sentence is also made a part of the record. It is recited therein that on the 18th day of April, 1925, the petitioner came into court, was thereupon informed that he had pleaded guilty to the charge of escaping from prison and was asked whether he had legal cause to show why judgment should not be pronounced against him, but no cause having been shown by the petitioner, "the sentence of the court is that said Gilbert Swanson be imprisoned in the state penitentiary at Bismarck, Burleigh county, North Dakota, for the term of two years."

The petition for the writ refers to the record which we have summarized, and consists almost entirely of legal conclusions, alleging that the petitioner is unlawfully restrained of his liberty and denied a trial by the warden of the state penitentiary. It is alleged in this petition that the act of the trial court in sentencing the petitioner upon his plea of guilty was "an ultra vires act of the court and a nullity." No facts are set up in the petition that contradict the recitals of the criminal records of the district court of Grand Forks county. The petition is supported by an affidavit in which the prisoner asserts that he never did plead guilty to the information.

Counsel suggests in his brief that we should take judicial notice of what he says is the fact that the petitioner did not help in pulling the bricks out of the wall; that this was done by other prisoners without his help or connivance; and that after the hole had been made, he merely walked out. In other words he was not guilty of escaping prison by fraud or force, it is said. He was specifically charged with breaking the walls of the jail; and to this charge he entered a plea

of guilty. We are constrained to overrule this contention. It is obviously without merit.

The petitioner was charged with the crime of escaping prison; he pleaded guilty as charged; and was duly and regularly sentenced to serve two years in the penitentiary. He has not yet served the full term. That is all there is to this proceeding. He cannot by his own affidavit here impeach the record of the proceedings in the trial court. That record clearly shows that he was regularly before the court, pleaded guilty to a specific offense and was sentenced accordingly.

There is nothing to the claim that the prisoner was sentenced for an offense under one statute, and informed against for an offense under another. He was clearly charged with violation of § 9351, Comp. Laws 1913, and pleaded guilty to that charge. The trial court had jurisdiction to pronounce judgment, and the prisoner is in all things lawfully restrained.

Writ refused.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, BIRDZELL, and NUESSLE, JJ., concur.